UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Scott Lawrence Simmons, | Case No. 21-cv-952 (NEB/TNL) |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| Billy Roy Wilson, United States District Judge, | |
| Defendant. | |

Plaintiff Scott Lawrence Simmons did not pay the filing fee for this matter, but instead has applied to proceed *in forma pauperis* ("IFP") in this proceeding. *See* ECF No. 2. That IFP application is now before the Court and must be considered before any other action may be taken in this matter.

The IFP application does not contain enough information from which to conclude that Simmons qualifies financially for IFP status. Even leaving that aside, an action may be dismissed when an IFP applicant has filed a complaint that fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam). In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The

1

complaint must "state a claim to relief that is plausible on its face." *Id*. at 570.  In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations.  *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009).  Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced.  *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

The complaint submitted by Simmons provides scarcely any indication of what this matter is intended to be about; the only allegation included in the pleading is the phrase "obstruction of justice," repeated four times.  Compl. at 3, 4 [ECF No. 1].  An exhibit attached to the complaint provides an additional clue: defendant Wilson recently dismissed several cases initiated by Simmons in this District, and presumably Simmons believes that the dismissal was wrongful.  *See* ECF No. 1-1.  But the appropriate response to a dismissal that a litigant believes to be wrongful is the filing of a notice of appeal, not the initiation of litigation against the judge who effected dismissal.  In any event, Simmons provides no reason to believe that the actions of Judge Wilson constitute "obstruction of justice" or any other unlawful behavior, Compl. at 3, 4; and the dismissal of Simmons's prior cases constitutes a judicial act for which Judge Wilson has immunity from suit, *see, e.g.*, *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991).  Simmons has presented no basis upon which to conclude that a viable cause of action is available to him.  Accordingly, it is recommended that this matter be dismissed pursuant to § 1915(e)(2)(B).

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1. This matter be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

2. The application to proceed *in forma pauperis* of plaintiff Scott Lawrence Simmons [ECF No. 2] be **DENIED**.

Dated: April  27 , 2021

      *s/ Tony N. Leung*
Tony N. Leung
United States Magistrate Judge
District of Minnesota

*Simmons v. Wilson*
Case No. 21-cv-952 (NEB/TNL)

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).